IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK MCGOVERAN,<br><br>    Plaintiff,<br><br>vs.<br><br>THE ENTIRE JUDICIARY OF NEBRASKA, et. al.,<br><br>    Defendant. | 8:23CV460<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Mark McGoveran, a non-prisoner, filed a pro se Complaint on October 19, 2023, Filing No. 1. Plaintiff was granted leave to proceed in forma pauperis. Filing No. 5.

The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court finds it is. The Complaint shall be dismissed without prejudice for failure to state a claim on which relief may be granted.

## I. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

In his Complaint Plaintiff alleges claims of violations of the Fourth Amendment and the equal protection clause of the Fourteenth Amendment against "the entire judiciary of Neb[raska] district courts and [the Nebraska] Supreme Court, the Dept. of Health Human Services, [and] all Mental Health Board Members," and asserting federal question jurisdiction which this Court liberally construes as a civil rights action brought under 42 U.S.C. § 1983. Filing No. 1 at 3; Filing No. 1-1 at 3–4. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The subject matter of this case is unclear. In the body of his Complaint, Plaintiff provides the following statement of his claim: "no legitimate health board has been seated in 5+ years." Filing No. 1 at 4. However, referenced in and attached to his Complaint is a 114-page document containing handwritten discussions relating in part to what appears to be an incident in September of 2020 which resulted in proceedings involving Plaintiff before the Mental Health Board in the Seventh Judicial District, and Plaintiff being held at Faith Regional Health Services in Norfolk, Nebraska, for several months. Filing No. 1-1. In the document, Plaintiff discussed medications he received while at Faith Regional, a police report and other documentation apparently relating to his being found mentally ill and dangerous to himself or others, but also mixed into the discussion of incidents involving or relating to Plaintiff are lengthy discussions of the deaths and/or healthcare decisions of seemingly unrelated individuals and friends, copies of mental health board regulations and names of persons having received training to serve on mental health boards, copies of attorney bills, an application for attorney fees apparently filed by his counsel, and other largely incoherent disjointed discussions of other unrelated individuals and incidents. *Id.*

For relief Plaintiff seeks $1,000,000,000, for "a class action to all parties held illegally," and seeking his medical record from an unstated source. Filing No. 1 at 4; Filing No. 1-1 at 23.

Here, as an initial matter, pro se plaintiffs may not bring class actions because they are not adequate class representatives able to fairly represent and adequately protect the interests of a class. *See* Fed.R.Civ.P. 23(a); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975); *see also Russell v. United States,* 308 F.2d 78, 79 (9th Cir.1962) (holding

"a litigant appearing in propria persona has no authority to represent anyone other than himself"); *Nelson v. Hjorth*, No. 8:18CV88, 2018 WL 2050571, at *4 (D. Neb. May 2, 2018) ("a pro se plaintiff who is not an attorney cannot maintain a class action"); *Rouse v. Michigan*, No. 2:17-CV-12276, 2017 WL 3394753, at *1 (E.D. Mich. Aug. 8, 2017) (collecting cases). Because Plaintiff is proceeding pro se but apparently attempting to bring a class action, this action must be dismissed without prejudice to Plaintiff's filing a new action solely on his own behalf or as a class action with the assistance of counsel.

Moreover, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

4

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom*. *McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)). "A litigant cannot ignore [his or] her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Ultimately, Plaintiff's stream-of-consciousness "testimony" does not comport with Rules 8 and 10 and will not be considered. Other significant pleading defects also exist.

For example, the Court is unable to ascertain any connection between the general allegation that he was held in violation of the Fourth or Fourteenth Amendments and which Defendant or Defendants were involved in the alleged violation, nor can it be determined how or when any alleged violative incident took place, or any detail of the resulting harm. To reiterate, the Court is unable to determine which of the named Defendants were involved in any of Plaintiff's claims because Plaintiff does not allege any specific violations or connect the alleged violations with specific Defendants, nor does he connect the specific relief sought with any of the named Defendants.

Finally, even if Plaintiff had factually connected claims to the named defendants, to the extent Plaintiff names what appears to be the Nebraska Department of Health Human Services and all Mental Health Board Members (again presumably in Nebraska), such entities are not proper defendants. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). And, although Plaintiff also seeks to assert claims against the entire Nebraska judiciary, such an entity is also not a proper defendant under Section 1983. *Bey v. Att'y Gen. of Massachusetts*, No. CV 21-11508-ADB, 2021 WL 4926164, at *4 (D. Mass. Oct. 21, 2021).

IT IS THEREFORE ORDERED that: The Complaint, Filing No. 1, shall be dismissed in its entirety without prejudice. The Court will enter judgment by a separate document.

Dated this 4th day of October, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge